United States District Court
Southern District of Texas
**ENTERED**
April 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | § CRIMINAL ACTION NO. H-18-385 |
| | § |
| JOEL GARCIA BUITRON, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

The Defendant, Joel Garcia Buitron ("Defendant") is charged with illegally re-entering the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1).[1] Pending before the court is Defendant's Motion to Dismiss, or Alternatively, Request for a Jury Instruction Based Upon Derivative Citizenship ("Defendant's Motion") (Docket Entry No. 22). For the reasons explained below, Defendant's Motion will be denied.

**I. Factual Background**

According to his birth certificate, Defendant was born in Tamaulipas, Mexico, in 1967 to Francisco Garcia ("Defendant's Father") and Belia Buitron ("Defendant's Mother") (collectively,

---

[1]See Indictment, Docket Entry No. 1, p. 1.

"Defendant's Parents").[2] Defendant's Father became naturalized as a United States Citizen in June of 1973.[3] Defendant's Parents later married in July of 1974 in Raymondville, Texas.[4] There is no evidence that Defendant's Mother has ever been naturalized.

In September of 1974, Defendant's Father filed a Form I-130 Petition for Alien Relative for the Issuance of a Visa for Defendant.[5] The Form I-130 was approved by the Immigration and Naturalization Service on September 24, 1974.[6] Defendant subsequently gained lawful permanent resident status and entered the United States legally in December of 1974.[7] Defendant was convicted of a felony burglary and was deported on October 12,

---

[2] See Birth Certificate, Exhibit 1 to United States' Response in Opposition to Defendant's Motion to Dismiss, or Alternatively, Request for Jury Instruction Based Upon Derivative Citizenship ("USA's Response"), Docket Entry No. 25 [SEALED], pp. 1-2.

[3] See Form I-130, Exhibit 2 to USA's Response, Docket Entry No. 25 [SEALED], p. 3 (listing Garcia's naturalization date as June 29, 1973).

[4] See Marriage License, Exhibit C to Defendant's Motion, Docket Entry No. 22-3.

[5] See Form I-130, Exhibit 2 to USA's Response, Docket Entry No. 25 [SEALED], p. 3.

[6] See id.

[7] See Immigrant Visa and Alien Registration, Exhibit 3 to USA's Response, Docket Entry No. 25 [SEALED], p. 5.

1988.[8] Since then, Defendant has sustained multiple criminal convictions and has been removed from the United States several times.[9]

## II. **Analysis**

The derivative citizenship statute, former 8 U.S.C. § 1432(a),[10] states:

> (a) A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and <u>the paternity of the child has not been established by legitimation</u>; and if
>
> (4) Such naturalization takes place while such a child is under the age of sixteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent

---

[8]See Form I-213 [2015], Exhibit 4 to USA's Response, Docket Entry No. 25 [SEALED], pp. 10-11.

[9]See Form I-213 [2018], Exhibit 5 to USA's Response, Docket Entry No. 25 [SEALED], pp. 15-17.

[10]As noted by the Government, "8 U.S.C. § 1432(a) was repealed and superseded by the Child Citizenship Act (CCA) of 2000, which took effect on February 27, 2001" and does not apply to Defendant. See <u>Barthelemey v. Aschroft</u>, 329 F.3d 1062, 1064 n.1 (9th Cir. 2003).

> residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of sixteen years.

8 U.S.C. § 1432(a) (emphasis added). Because there is no evidence that Defendant's Mother was naturalized before Defendant became sixteen and because both of Defendant's Parents are still living, only § 1432(a)(3) could apply here. Section 1432(a)(3) confers derivative citizenship status only to the children of a naturalized mother who (1) were born out of wedlock and (2) whose paternity has not been established. Defendant is not eligible for derivative citizenship under § 1432(a)(3) because while he was born to an unwed mother, his mother was not naturalized before he was sixteen and his father's paternity has been established by legitimation through Defendant's birth certificate. See Iracheta v. Holder, 730 F.3d 419, 426 (5th Cir. 2013) (holding that a father's acknowledgment of his child on the child's birth certificate establishes paternity by legitimation under the laws of Tamaulipas).

Defendant argues that § 1432(a)(3)'s differing treatment of unwed mothers and fathers violates the Fifth Amendment's equal protection clause. Defendant argues that § 1432(a)(3) "permit[s] unconstitutional gender-based classification by allowing naturalized mothers to confer their citizenship on their children

born out of wedlock, but not allowing naturalized fathers to simply confer their citizenship on their children born out of wedlock." Ayton v. Holder, 686 F.3d 331, 337 (5th Cir. 2012). Defendant's argument ignores the legitimation clause of § 1432(a)(3). The Fifth Circuit has held that equal protection concerns are not implicated when the relevant statute treats unwed mothers and fathers of children whose paternity is established similarly. See id. at 337-38; Marquez-Morales v. Holder, 377 F. App'x 361, 365 (5th Cir. 2010). Because Defendant's father established paternity, "his mother was similarly powerless to confer citizenship upon him through her naturalization alone [under § 1432(a)(3)]." Marquez-Morales, 377 F. App'x at 365 (5th Cir. 2010). Equal protection concerns are therefore not implicated here and § 1432(a) is inapplicable.

### III. Conclusion & Order

Because § 1432(a)(3) treats unwed mothers and fathers of children whose paternity has been established similarly, the application of § 1432(a)(3)'s requirements to Defendant does not violate the equal protection clause of the Fifth Amendment. Defendant's proposed jury instruction is not appropriate because § 1432(a) is not applicable. Defendant's Motion to Dismiss, or

Alternatively, Request for a Jury Instruction Based Upon Derivative Citizenship (Docket Entry No. 22) is **DENIED**.

**SIGNED** at Houston, Texas, on this 12th day of April, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE